HERBERT E. DENNETT *vs.* ISRAEL NESSON.

Suffolk.   January 9, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant,* Tenancy at sufferance.

After the entry of judgment of possession in an action of ejectment brought in a municipal court by the owner of real estate against a tenant at will, a stay of execution was ordered, presumably under St. 1920, c. 577, for three and one half months, during which time the tenant was ordered to pay rent at a stipulated sum. The tenant continued in possession, paid the rent as ordered and applied for a further stay of execution, which was denied. The tenant

thereafter continued in possession, knowing that he was doing so against the wishes of the owner and both parties understood that he was doing so during the preceding three and one half months under the order of the court and thereafter subject to the owner's rights under the judgment of possession, which had not been waived. The owner urged the tenant repeatedly but in vain to vacate the premises and finally took out an alias execution in the ejectment proceedings and was proceeding to eject him when the tenant sought to enjoin the eviction by a suit in equity. The suit was dismissed, and he appealed. *Held,* that

(1) The tenant's occupation was as a tenant at sufferance;

(2) No tenancy at will existed, it being clear from the above facts that neither by an express nor by an implied agreement had one been created after the judgment of possession;

(3) The mere acceptance of rent, in the circumstances here disclosed, falls far short of requiring a finding that a new tenancy at will was created;

(4) The decree dismissing the suit was right.

BILL IN EQUITY, filed in the Superior Court on September 20, 1921, and afterwards amended, for a decree enjoining the defendant, his servants and agents, from evicting the plaintiff from a suite in the building 1955 Commonwealth Avenue in Boston, and for damages.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The plaintiff filed objections and exceptions to the master's report, which were heard by *Keating,* J., by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree dismissing the bill with costs. The plaintiff did not appeal from the interlocutory decree. He appealed from the final decree.

The case was submitted on briefs.

*D. B. Beard,* for the plaintiff.

*J. Brettler,* for the defendant.

DE COURCY, J. This is a bill in equity to restrain the defendant from evicting the plaintiff from a suite of rooms in Boston. The following facts are established by the findings of the master: In the fall of 1920 the plaintiff Dennett was a tenant at will of the premises. Following his refusal to pay an increased rent, and a dispute in regard to the payment of a month's rent, the owner Nesson brought an action of ejectment in the Municipal Court. Judgment of possession was entered on December 11, 1920, in favor of Nesson, but a stay of execution was ordered (presumably under St. 1920, c. 577) until April 1, 1921, — the rent to be at the

rate of $95 a month after December 10, 1920. Dennett continued in possession of the suite, paid the rent in accordance with the order of the court, and applied for a further stay of said execution. This application was denied by the court, after a hearing on April 5, 1921. He continued to occupy the premises, although frequently urged to move out, and promising to do so. On August 30, 1921, an alias execution in the ejectment action was taken out by Nesson; and after further futile efforts to induce Dennett to move, a constable was proceeding to remove the furniture to the sidewalk and adjoining land, when word came that a restraining order had been issued in the present suit. Thereupon the furniture was returned to the suite.

The master specifically found that from December 10, 1920, the date of the trial in the Municipal Court, to November 3, 1921 (the date of the last hearing before the master), "the plaintiff held possession of the suite against the wishes of the defendant and with knowledge that he was so holding possession." He further found, "from December 10, 1920, to April 5, 1921, being the day a further stay of execution was denied by the Municipal Court of the Brighton District, both parties understood that the plaintiff was holding possession of the suite under the order of the court and that from April 5, 1921, until the time of the attempted eviction both parties understood that the plaintiff was holding possession subject to the rights of the defendant under said judgment for possession and understood that said rights had not been waived by the defendant but were in full force and that the defendant had the right to enforce said judgment for possession."

There was no appeal from the interlocutory decree overruling the plaintiff's exceptions to the master's report and confirming the report. The final decree dismissing the bill must stand unless it clearly appears that such decree was not warranted on the facts found by the master. *Phelps* v. *Lowell Institution for Savings,* 214 Mass. 560. Dennett's tenancy at will ended in the fall of 1920, and thereafter his occupancy was that of a tenant at sufferance. As such he was liable to Nesson for rent. G. L. c. 186, § 3. St. 1920, c. 577, § 3. No new tenancy at will arose, as claimed by him. In order to create such tenancy there must be shown either an express agreement, or one implied from the conduct of the parties. Both are negatived by the findings of the master. The

mere acceptance of rent, in the circumstances here disclosed, falls far short of requiring a finding that a new tenancy at will was created. *Newman* v. *Sussman,* 239 Mass. 283. *C. A. Spencer & Son Co.* v. *Merrimac Valley Power & Buildings Co.* 242 Mass. 176, 180.

*Decree affirmed with costs.*