ROBERT A. OSBORNE, Respondent, v. JOEL WELLS, Appellant.

In the Kansas City Court of Appeals, March 5, 1923.

1. **APPEAL AND ERROR: Costs: Plaintiff Had Right to Correct Record on Second Appeal by Filing Amended Abstract Setting Out Order Approving Cost Bond, Though He Did Not Introduce the**

**Same in Evidence.** Where plaintiff, after rendition of opinion and issuance of mandate by appellate court, reversing and remanding a judgment in favor of plaintiff, and ordering a new trial, defendant filed motion to stay proceedings until costs were paid and plaintiff thereafter filed in the lower court a bond for costs which the court approved, *held* plaintiff had right to correct the record on appeal from a second judgment in his favor by filing an amended abstract setting forth the order approving the bond for costs, although plaintiff did not introduce the order in evidence, and there was no error in overruling defendant's motion to enforce order to stay proceedings.

2. ———: ———: Discretion of Court: Whether Case Should Proceed to Trial Before Order Staying Proceedings Was Complied With by Giving Security for Costs, Held Discretionary with Trial Court. The question as to whether or not a case should proceed to trial before plaintiff filed a bond for costs, as required by trial court, which ordered proceedings stayed until security for costs was given, is discretionary with trial court, and appellate court is not authorized to disturb its ruling unless it clearly appears that such discretion was abused.

3. **LANDLORD AND TENANT: Negligence: Contributory Negligence: Tenant Injured by Falling Through Cellar Door Held Not Guilty of Contributory Negligence as a Matter of Law, in Closing Kitchen Door Which Shut Off Light Therefrom.** In an action by a tenant to recover damages for personal injuries received by falling into cellar stairway through a trap door used by his and another family in going to and from the basement, alleged to have been negligently left open, *held* not guilty of contributory negligence as a matter of law, in closing kitchen door, shutting off the light therefrom, which plaintiff testified was unnecessary to enable him to get from kitchen door over to his chair on porch.

4. ———: ———: Trespasser: Tenant Remaining in Possession of Premises after Expiration of Time Fixed by Notice to Vacate, Held Not a Trespasser. Where plaintiff, a tenant, remained in possession of premises after expiration of time fixed by notice served upon him to vacate, because of unpaid rent, *held* not a trespasser to whom landlord owed no greater duty than not to willfully or wantonly injure him, particularly where there was no court order, dispossessing plaintiff, served upon him, as required by section 6901, Revised Statutes 1919, providing the manner in which a delinquent tenant may be dispossessed, and possession of premises recovered as authorized by section 6900, Revised Statutes 1919.

5. **INSTRUCTIONS: An Instruction Submitting Question of Whether Defendant Failed to "Barricade" Cellar Door Negligently Left**

Open, Held Not Erroneous as Broadening Issues Under Allegations of Petition That the Same Was Left in an Unguarded Condition. In an action by a tenant to recover damages for personal injuries as result of falling through cellar door, negligently left open, where petition alleged negligence in failing to notify tenant that* same was open and in an unguarded, unlighted and dangerous condition, *held* that an instruction submitting the question of whether defendant "failed to barricade" the door was not erroneous as broadening the issues under the allegations of the petition by the use of the word "barricade."

6. ————: An Instruction Erroneously Containing Word "Safety" Instead of Word "Certainty" as Intended, Held Not Misleading or Prejudicial. An instruction referring to injuries which plaintiff "has heretofore suffered and will with reasonable safety hereafter suffer as a direct result of such injuries" etc., *held* not misleading or prejudicial because the word "safety" contained therein was written and used in error in place of the word "certainty."

7. EVIDENCE: Evidence Touching Question as to Whether Cellar Door Was Customarily Left Open, Held Material and Relevant on Question of Plaintiff's Contributory Negligence. In an action by a tenant against landlord to recover damages for injuries received by falling through cellar door, negligently left open, admission of evidence touching the question of whether the cellar door was customarily left open, *held* material and relevant on question of plaintiff's contributory negligence.

8. WITNESSES: Evidence: Ruling as to Responsiveness of Answer of Witness to Court's Question Held Not Erroneous. Where court, on objection by plaintiff to a question asked a witness as to whether he had been on premises often enough to know what custom was with reference to whether door was usually left open or closed, stated that he could tell what he had seen when he was around there, and witness answered that the door was open and the yard full of children playing hide and go seek in both basements, whereupon motion was made to strike out the answer as not responsive, it is *held* that the ruling that the answer was responsive to the court's question was not erroneous.

9. ————: ————: Refusal of Court to Permit Defendant to Testify Concerning Certain Matter, Held Not Prejudicial in View of the Fact That Defendant Had Been Permitted to Testify Fully with Reference Thereto. In an action by tenant to recover damages from landlord as result of falling through cellar door, alleged to have been negligently left open, where defendant testified that when the kitchen door was open light from the kitchen would come

213 M. A.—21

out on the porch by the door, the refusal of court to allow defendant to testify as to whether there was light enough on the porch when kitchen door was open so that cellar door in question might be seen, *held* not prejudicial, the defendant having been permitted to testify fully upon the subject.

Appeal from the Circuit Court of Jackson County.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*Atwood, Wickersham, Hill, Levis & Chilcott* and *Hardin B. Manard* for respondent.

*James M. Houston* and *Robert O. McLin* for appellant.

ARNOLD, J.—This is an action to recover damages for personal injuries sustained by plaintiff in falling into a cellar stairway through a trap door alleged to have been negligently left open by defendant. Verdict and judgment were for plaintiff in the sum of $5,000 and defendant appeals.

The cause is here on a second appeal by defendant. The statement of facts in the former opinion (211 S. W. 887) is hereby adopted for present purposes. The cause was reversed and remanded for a new trial because of rulings of the court which were held to have restricted defendant as to proof of plaintiff's physical condition immediately prior to the alleged injury, and that "defendant was not allowed to develop his side of the case, on this most important feature, as fully as he should have been, and that substantial and prejudicial error was committed" against him. There were also some other questions in the case which were discussed in order that future contentions over them might be avoided. The opinion stated:

"The question of whether the cellar door was accustomed to remain open, or was usually left open, is

material and relevant on the question of plaintiff's contributory negligence. It was a circumstance the jury was entitled to have before them in passing on that question.''

There were also suggestions relative to instruction "A" for plaintiff, to the effect that it should have submitted to the jury the question as to whether the door was "negligently" left open. These errors were cured on the retrial of the cause. It is now urged as grounds for reversal that the trial court erred in forcing defendant to trial over his objections that the cause was not ready for trial. The basis of this contention is that there remained undisposed of an order of court staying further proceedings until all costs assessed against plaintiff were paid, plaintiff having been unsuccessful in a motion to have said order set aside.. It is charged the court erred in overruling defendant's motion for the enforcement of said order and in permitting trial to proceed until said order was disposed of by the payment of costs.

The record discloses the case was called for trial March 13, 1922, and that before the jury was empanelled and sworn defendant offered in evidence the order of the court staying proceedings until the costs were paid; also motion of plaintiff to set aside said order and the order of court overruling same, and bill of exceptions thereto filed by plaintiff. Whereupon defendant moved the court to enforce said order to stay proceedings, the same not having been set aside. The motion was overruled and the cause proceeded to trial. The orders, motions and rulings of the court above referred to are fully set out in defendant's bill of exceptions.

Plaintiff filed a supplemental abstract in which is set out a further order of the court relative to the matter of costs assessed against plaintiff, as follows:

"Record Assignment Division, Book 52, Page 4, November 28, 1919, Robert A. Osborne v. Joel Wells, 95264.

"Now on this day plaintiff's motion to sue as a poor person is by the court overruled to which said ruling of the court plaintiff excepts.

"And now plaintiff is authorized to file bond for the further prosecution of this cause upon the condition that plaintiff is to pay all costs which have accrued or which may hereafter accrue in this cause.

"And now plaintiff files bond for costs with Earl Osborne, Margaret Osborne and Paul Osborne, as sureties thereof, which said bond is by the court approved.

THOMAS J. SEEHORN, Judge.''

These matters occurred and were made of record after the mandate and former opinion had been filed in the circuit court, and thereby became a part of the record herein. Defendant argues that inasmuch as he introduced in evidence that part of the record containing the motions and rulings of the court relative to an alleged existing order staying further proceedings, it was incumbent upon plaintiff to introduce in evidence the order approving the bond for costs.

There is no merit in this contention. The proceedings referred to are part of the record and should have been included therein. It was plaintiff's right to correct the record by filing an amended abstract, and this he has done. Defendant does not deny, but admits, the correctness of the supplemental abstract but bases his charge of error upon the fact that the orders of the court set out therein should have been introduced in evidence. This contention likewise is without merit, and we hold there was no error in overruling defendant's motion to enforce the order to stay further proceedings. Moreover the question as to whether or not the case should proceed to trial is discretionary with the trial court and we are not authorized to disturb his ruling unless it clearly appears such discretion was abused. There is no such showing in this case.

Defendant's second and third assignments are directed to the refusal of the court to sustain his demurrers

offered at the close of plaintiff's evidence and again at the close of all the evidence. In support of this position, he urges that plaintiff was guilty of contributory negligence, as a matter of law. Plaintiff's answer to this argument is that the testimony adduced on this point is identical with that produced at the first trial and that on the former appeal this court decided the evidence was sufficient to take the case to the jury. The court said, l. c. 889: "There is no merit in the contention that the court should have sustained defendant's demurrer to the evidence. The ground thereof, now considered, is that plaintiff was guilty of contributory negligence as a matter of law."

Defendant, however, contends that the evidence of plaintiff's contributory negligence presented on the second trial is materially different from that produced at the first. We have not before us the testimony introduced at the first trial, but as the parties agree that said testimony substantially is embodied in the evidence introduced at the second trial, and this court on the former appeal made a painstaking and careful analysis thereof, we may be able to make a fairly accurate estimate of that testimony for present purposes.

It is pointed out by defendant that at the second trial, after testifying that on going from the kitchen to the back porch just prior to his fall, plaintiff stated he closed the kitchen door which shut off the light from the kitchen. On cross examination he was asked:

"Q. Why didn't you want the light out there, Mr. Osborne? A. It was unnecessary.

"Q. You didn't need any light? A. No, sir."

On re-direct examination, the following occurred:

"Q. Just one or two questions, Mr. Osborne. In answer to a question that was asked you a moment ago by Mr. Houston whether it was necessary to have any light out on the porch there, whether you needed any light, I want to ask you if you needed any light to get from the kitchen door over to your chair and your pipe? Is that what you mean by that answer? A. Yes, sir.

"Q. And was it customary for you at that time of the year to go out after dinner and sit in that same place to smoke?

THE COURT: He said on direct examination, you asked him that, he said he did.

"Q. Did I? And would you go out to that chair when it was dark before that in the same way you went this time? A. Yes, sir."

Further it is pointed out that in addition to the testimony given on the former trial plaintiff stated that both his family and the O'Byrne family who lived in the apartment above him, had the use of the cellar door in going to and from the basement and that the gas and electric light men used said door when they went to the cellar to read meters. So far as defendant's brief points out, and an examination of the record shows, that is the only additional evidence adduced at the second trial. It remains to be considered whether there is anything therein pointing to the contributory negligence of plaintiff not discussed in the former opinion.

Defendant's claim that plaintiff stated he closed the kitchen door because no light was needed on the porch is not supported by the re-direct examination above quoted. Plaintiff answered he meant to say that he needed no light to enable him to get from the kitchen door to his chair. As to the fact that the cellar door was used by plaintiff's family and by the family residing above, the question was considered, discussed and disposed of in our former opinion. We can see nothing in this so-called additional evidence to warrant a change in our former ruling on this point.

It is urged that the court erred in refusing instruction No. 7, offered by defendant. This instruction is based upon evidence to the effect that on October 20, 1915, defendant served notice upon plaintiff and his wife to vacate the premises within three days because of unpaid rent, and that plaintiff remained in possession of said premises after the expiration of the said three days.

Defendant sought to have the jury told, in the refused instruction, that plaintiff had no right to be on the premises on the date of the injury, viz., October 27, 1920, and that "even though the jury shall find and believe from the evidence that defendant negligently left the door in question open, as alleged in plaintiff's petition, and that such negligence of the defendant caused the injuries alleged to have been sustained by plaintiff, still, under such circumstances, the jury cannot find for plaintiff unless they further find and believe from the evidence that such negligence of defendant was willful and wanton. And in this connection, you are instructed that by the words 'willful and wanton' as used above, is meant intentional, or in such reckless manner as to show indifference or disregard of consequences." Defendant argues that by reason of the notice served upon plaintiff and plaintiff's failure to vacate the premises within the time specified, that defendant owned him no greater duty than he owed a trespasser.

The record shows plaintiff was a tenant from month to month. The pertinent section of the statute (Sec. 6900, R. S. 1919) to which our attention is called, reads:

"In all cases in which lands and tenements are or shall be rented or leased, and default shall be made in the payment of the rents at the time or times agreed upon by the parties, it shall be lawful for the landlord to dispossess the tenant and all subtenants and recover possession of the premises rented or leased, in the manner hereinafter provided."

Section 6901 provides the manner in which a delinquent tenant may be dispossessed and under its provisions plaintiff was entitled to possession of the premises, notwithstanding the notice to vacate, until a court of competent jurisdiction entered an order dispossessing him. The instruction assumed, as a matter of law, that there was rent due and unpaid at the time the notice to vacate was given. The evidence of plaintiff tends to show that no rent was due, on account of a

previous agreement between the parties concerning the expenses incident to installing a gas stove. The instruction told the jury that if they found the notice was served and that plaintiff owed defendant any rent on the day of the accident, that defendant was then entitled to possession of the premises, and plaintiff had no right to be and remain thereupon.

This position is untenable. Although defendant had instituted proceedings to dispossess plaintiff, still, at any time before the order of dispossession was served on him plaintiff might have paid up the rent and continued the tenancy. There is evidence showing this is what actually occurred, and that plaintiff did remain in possession for a year after the accident, and that he paid the rent. We think defendant's contention is without merit, that the instruction as offered clearly was erroneous, and there was no error in its refusal.

It is insisted that the court erred in submitting to the jury the question of whether or not defendant "failed to barricade" the cellar door in question, since that issue was not presented by the pleadings. The language of the petition is ". . . defendant, while making repairs on and about said apartment, opened said door in said porch . . . and negligently failed to close the same and failed to notify plaintiff that same was open and left said stairway or steps and said porch in an unguarded, unlighted and dangerous condition." Under this charge, we think the instruction cannot be said to have broadened the issues by the use of the word "barricade," and that it was not erroneous.

Defendant charges the court erred in giving instruction 3 for plaintiff. This charge is directed to the use of the word "safety" in the instruction, where it is said, referring to the injuries which plaintiff "has heretofore suffered and will with reasonable safety hereafter suffer as a direct result of such injuries," etc. It is admitted by plaintiff that the word *safety* was written in error in place of the word *certainty*. The instruction

is not misleading or prejudicial, in our opinion, and unless it is shown that defendant's rights were prejudiced thereby, we are not authorized to disturb the verdict for mere verbal inaccuracy. A similar situation is presented in the case of Millirons v. Railroad, 176 Mo. App. 39, 55, 162 S. W. 1069, where the court said: "Even if the word was actually written 'conclusion' instead of 'collision,' the context showed clearly that 'collision' was the word intended, and the jury could not have understood otherwise. When such is the case the judgment should not be disturbed for such a patent and harmless verbal inaccuracy."

Under point 7, defendant charges error in the ruling of the court relative to the admission of evidence touching the question of whether or not the cellar door was customarily left open. Evidence on that point was material and relevant, as declared in our former opinion, where it is said, p. 892:

"The question as to whether the cellar door was accustomed to be left open is material and relevant on the question of plaintiff's contributory negligence. It was a circumstance the jury was entitled to have before them in passing upon that question."

This objection is based upon part of the testimony as to what was the custom as to whether the door was left open, usually. Defendant was asked: "Q. I will ask you if you have been there often enough so that you know what the custom was with reference to whether that door was usually left open or closed." Plaintiff's attorney objected on the ground that the question called for a conclusion of the witness, whereupon the court said, "Let him tell what he had seen when he was around there." To which action and ruling of the court defendant then duly excepted. "A. Yes, sir, I have been out there and the doors were open and the yard full of children playing hide and go seek in both basements." Plaintiff's attorney moved to strike out the answer as not responsive, but the court said: "It is responsive to

what I said, my question what I said he could see.'' We fail to see any basis for defendant's objection to the ruling of the court on this point.

Finally, it is contended the court erred in refusing to allow defendant to testify as to whether, when the kitchen door leading to the porch was open, and the light burning in the kitchen, there was light enough on the porch so that the cellar door in question might be seen. Defendant was asked: ''Q. I will ask you to tell the jury what light would be thrown from that light in the kitchen, if any, when the kitchen door was open? A. Why, it would come out on the porch there by the door.'' Some other questions along this line were asked by defendant's attorney which were objected to because leading and suggestive and the objections were sustained by the court. We think defendant was permitted to testify fully upon this subject and that he was not prejudiced by the rulings of the court thereon.

We find no reversible error of record. The judgment is affirmed.

All concur.