SEMA MARGOSIAN *vs.* KRIKOR MARKARIAN.

Worcester.   September 24, 1934. — October 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant,* Tenancy at sufferance, Tenancy at will, Landlord's liability in tort.  *Negligence,* Of one owning or controlling real estate.

If a tenant at will in a dwelling fails to pay his rent and there is served upon him a fourteen days' notice to quit under G. L. (Ter. Ed.) c. 186, § 12, he becomes a tenant at sufferance at the expiration of the fourteen day period, and a member of his household cannot recover from the landlord for injuries thereafter sustained by reason of a defect in a stairway maintained by the landlord for the use of the tenant if such injuries are not caused by wilful, wanton or reckless conduct on the part of the landlord.

TORT.   Writ in the Central District Court of Worcester dated June 7, 1933.

In the District Court, the action was heard by *Wall,* J. Material evidence, and findings and rulings made by him,

are described in the opinion. He found for the defendant and reported the action to the Appellate Division for the Western District. The record did not disclose whether, before the giving of the notice to vacate described in the opinion, the plaintiff's husband was a tenant at will or a tenant under a lease in writing. The report was ordered dismissed. The plaintiff appealed.

*C. W. Proctor & C. M. Garabedian,* for the plaintiff, submitted a brief.

*L. E. Stockwell,* for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff on April 18, 1933, as the result of a fall on a defective stairway upon premises occupied by the plaintiff and her husband and owned by the defendant.

The trial judge found that "Upon all the evidence . . . the plaintiff was injured by reason of a defect in a stairway in a house owned and controlled by the defendant and that said injuries happened on April 18, 1933. . . . that the notice to vacate for nonpayment of rent was duly received by the plaintiff's husband on April 1, 1933. . . . [and] that on April 14, 1933, the defendant commenced action for possession of the premises occupied by the plaintiff and the plaintiff's husband." He ruled "that the plaintiff's husband at the time of the accident was a tenant at sufferance in the premises. . . . [and] that the plaintiff is in no better position in regard to the premises than her husband." He further found "that there was no wanton or wilful act committed by the defendant which caused the injuries to the plaintiff, and that the husband of the plaintiff and the plaintiff herself both stand in the position as tenants at sufferance," and he therefore found for the defendant. The plaintiff in her brief states that she "is the widow of a former tenant at will of the defendant." The trial judge found, and the plaintiff's counsel admitted, that the plaintiff's husband was in arrears for rent, that he had received a notice to quit for nonpayment of rent more than fourteen days prior to the accident, and that her husband had been served with summary process to vacate the premises

at a date prior to the accident. The judge also found that the defendant introduced evidence that the writ of summary process was returnable on April 22, 1933, and that on May 31, 1933, execution was issued in that action. The plaintiff claimed a report to the Appellate Division. That court ordered the following entry to be made: "Report dismissed. No prejudicial error found."

The only question presented for decision is whether the trial judge erred in ruling that the plaintiff's husband at the time of the accident was a tenant at sufferance, that the plaintiff was in no better position than her husband, and accordingly in the absence of wanton or wilful act on the part of the defendant the plaintiff was not entitled to recover.

A tenant at sufferance has no estate nor title, but only a naked possession, without right and wrongfully, and stands in no privity to the landlord. *Benton* v. *Williams*, 202 Mass. 189, 192. A tenant at sufferance is not entitled to notice to quit but is a holder without right. *Kelly* v. *Waite*, 12 Met. 300, 302. A tenant at sufferance is a bare licensee to whom the landlord owes merely the duty not wantonly nor wilfully to injure him. *Bruso* v. *Eastern States Exposition*, 269 Mass. 21, 24, 25. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226, 230. *Brennan* v. *Keene*, 237 Mass. 556, 561. There was no evidence which would warrant a finding that the plaintiff's injuries were due to any wanton or wilful act committed by the defendant. In addition to the common law rule that a tenancy at sufferance comes into existence when the landlord gives notice to quit for nonpayment of rent, the same result follows under G. L. (Ter. Ed.) c. 186, § 12, which provides in part as follows: ". . . in case of neglect or refusal to pay the rent due from a tenant at will, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the tenancy."

Counsel for the plaintiff has cited *Osborne* v. *Wells*, 213 Mo. App. 319. In that case the court denied a request for a ruling in substance to the effect that where a notice to quit for nonpayment of rent had been given the landlord

was liable only for wanton and wilful conduct. The court held that "Although defendant had instituted proceedings to dispossess plaintiff, still, at any time before the order of dispossession was served on him plaintiff might have paid up the rent and continued the tenancy." The answer to this statement is that under our statute a tenant at will who has received a fourteen days' notice to quit for non-payment of rent cannot by paying the rent in full revive the tenancy, and *a fortiori*, a tenant who not only has received a notice to quit for nonpayment, but upon whom summary process has already been served, cannot revive the tenancy. G. L. (Ter. Ed.) c. 186, § 11, provides: "Upon the neglect or refusal to pay the rent due under a written lease, four-teen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, at least four days before the return day of the writ, in an action by the landlord to recover posses-sion of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit." This is the only provision in our statutes for reviving a tenancy by paying overdue rent. However, G. L. (Ter. Ed.) c. 186, § 12, which provides for the termination of a tenancy at will by fourteen days' notice to quit for non-payment of rent, contains no provision permitting the tenant after notice to revive the tenancy. The distinction between these two statutes is pointed out by Chief Justice Morton in *Hodgkins* v. *Price*, 137 Mass. 13, at page 18.

As there was no error in the rulings given and in the judge's refusals to rule, or in the decision of the Appellate Division, the entry must be

*Order dismissing report affirmed.*