FILOMENA DeCUNTO vs. BROADWAY SAVINGS BANK.

PASQUALE DeCUNTO vs. SAME.

Essex.    March 6, 1940. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or his family or his
invitee, Common stairway.

Although a visitor of a tenant in an apartment house, seeking damages
from the landlord for injuries sustained from a fall on a common stair-
way, testified merely that when she put her foot on a step she felt
something hard but did not know what it was and that her fall was
caused thereby, where there was other evidence that a workman em-
ployed by the landlord in renovating the building had dropped pieces
of wood on the stairway shortly before the visitor's fall and had ex-
pressed indifference to their remaining there, and that there were
pieces of wood on the stairs after the fall, the question of the land-
lord's liability was for the jury.

TWO ACTIONS OF TORT.    Writs in the Superior Court
dated May 14, 1935.

Verdicts for the defendant were ordered by *Swift*, J.
The plaintiffs alleged exceptions.

*F. L. Simpson*, (*A. J. Ash* with him,) for the plaintiffs.

*M. A. Cregg*, for the defendant.

QUA, J.    These are actions by a wife and by her husband
to recover for personal injuries to the wife and for conse-
quential damages to the husband, resulting from a fall of
the wife on April 12, 1933, on a stairway in a tenement
house in Lawrence owned and controlled by the defendant.

There was evidence that the wife, hereinafter called the
plaintiff, went to the premises for the purpose of visiting
her mother and her brother, who occupied a tenement on
the third floor let by the defendant to the brother; that the
defendant from March 25 until May 1 was making general
repairs inside and outside the whole building through work-
men in its own employ; that repairs on the stairs from the
street floor to the second floor had been completed four or

five days before April 12; and that the stairs had then been "cleaned up."

The plaintiff testified that she left her brother's tenement about three o'clock in the afternoon; that she fell as she started to go down the stairs leading from the second floor to the street floor; that when she went up the stairs they were all right so far as she observed, but that it was raining and the stairs were dark. On direct examination she testified, as we construe her language, that on the fourth step from the top she stepped on a piece of wood two inches in height and fell. On cross-examination she testified that all she knew was that when she went to put her foot on the second step she felt something hard, but did not know what it was.

The plaintiff's brother testified that he returned home and got up to his tenement just as the plaintiff came out and started down the stairs; that as he had come into the house from the "door onto the step" he had seen "one of the working men" carrying down the stairway a nail barrel "overfilled" with pieces of wood, "stuff from plaster and pieces of wall and stuff from lime"; that this man was dressed as a workingman; that the witness had often seen him carrying materials down the stairway between March 25 and April 12; that the witness saw this man drop four or five pieces of wood on the stairs; that when the witness told him some one might get hurt the man replied, "I don't care"; that some of the pieces of wood were "two fingers" or more high; that after he went into his tenement he heard a noise, ran down stairs, and found the plaintiff lying on the floor; and that he then saw the wood on the stairs.

In our opinion there was evidence for the jury. Although the plaintiff's testimony was not altogether consistent, and if we assume without deciding that she was bound by her last statement on cross-examination that all she knew was that when she put her foot on the second step she felt "something hard," *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, still the jury, taking her testimony in connection with that of her brother, and believing both, could find that the "something hard" was a piece of wood or plaster which

had been negligently dropped a few minutes before by the workman and negligently allowed by him to remain upon the stairway. They could also find that the workman was one of the men employed by the defendant in connection with the renovation of the building, and that it was part of his work to remove from the building such material as was in the nail barrel. *Power* v. *Beattie*, 194 Mass. 170, 175, 176. They could find that the plaintiff was properly upon the premises under the right of her brother, who was a tenant of the defendant. *Gallagher* v. *Murphy*, 221 Mass. 363, 364. *Russo* v. *Rizzo*, 302 Mass. 177. See *Coupe* v. *Platt*, 172 Mass. 458; *Webber* v. *Sherman*, 254 Mass. 402, 403. No argument has been made that the plaintiff was not in the exercise of due care. If the jury made these possible findings the defendant would properly be held liable for the negligence of its own employee. *Watkins* v. *Goodall*, 138 Mass. 533, 536. *Caruso* v. *Lebowich*, 251 Mass. 477, 478, 479. *Henebury* v. *Cabot*, 288 Mass. 349, 352. *Martin* v. *Rich*, 288 Mass. 437.

*Exceptions sustained.*