MICHAEL CARNEY *vs.* CONVEYANCERS TITLE INSURANCE AND MORTGAGE COMPANY.

Suffolk. April 8, 1941. — May 28, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Landlord and Tenant,* Existence of relation, Landlord's liability to tenant or his family or his invitee.

Merely that a mortgagee of a tenement house entered upon the premises for the purpose of foreclosure and remained in possession to the time of an injury caused by a defective common stairway and sustained over a year after such entry by a visitor of one who had continued to occupy a tenement therein after such entry, would not warrant a finding that such occupant was more than a tenant at sufferance nor entitle the visitor to recover against the mortgagee in the absence of wanton or reckless misconduct.

TORT. Writ in the Superior Court dated August 17, 1933.

The case was tried before *Donnelly*, J.

*H. J. Williams*, for the plaintiff.

*G. S. Lowden*, for the defendant.

DOLAN, J. This is an action of tort to recover compensation for personal injuries as a result of a fall on a common stairway in the rear of a building alleged to have been owned and controlled by the defendant. The case was tried to a jury, and at the close of the evidence the judge allowed the defendant's motion for a directed verdict, subject to the plaintiff's exception.

The evidence tended to show the following facts. On the evening of July 16, 1933, the plaintiff visited his brother, John Carney, who lived on the second floor of a six family house which was located in Dorchester. He entered by the front door of the building in which he had not been before. He remained until about 9 P.M. At that time he and his brother and the members of the latter's family were in the kitchen of the apartment. From that location it was more convenient to leave by the rear entrance. Followed by his brother, the plaintiff entered upon the rear hall and stairway which "opened immediately from the kitchen . . . ; a light on the second floor illuminated that portion of his route, but . . . upon arriving at the first floor, he entered on a rear piazza which was then dark." Three wooden steps led from this piazza to a rear yard which was part of the premises. When the plaintiff stepped on the topmost of the three steps it moved forward and he was thrown to the ground and injured.

The plaintiff's brother moved into the apartment on the premises in October, 1929. The steps involved were then in good condition and so remained for an appreciable time. They led to all the apartments. About six or seven months before the accident he first observed that the tread of the top step would sag or push out "probably an inch and one half" when stepped upon. In the afternoon of the day following the accident he found that a "V-shaped splinter about three or four inches long, tapering from three inches

in width to a point, was broken off the step." There was also testimony by another tenant who had moved into the premises in June, 1932, that about a month thereafter she observed that the top step was loose and would sink backwards when stepped on and "then it would come out." It "became worse . . . at the time of the accident there was not much give or pulling away, say one inch."

It was agreed that on May 27, 1932, the defendant made an entry on the premises for the purpose of foreclosing its mortgage, and that the possession so acquired continued to and included July 16, 1933, the date of the accident. There was no other evidence tending to show the relationship of the occupant Carney to the defendant at the time of the accident. The plaintiff's rights were no greater than those of his brother in whose right he was upon the premises, *Angevine* v. *Hewitson,* 235 Mass. 126, 129; *DeCunto* v. *Broadway Savings Bank,* 306 Mass. 119, 121, and cases cited, and the plaintiff had the burden of proving that those rights were such as to create the relationship of landlord and tenant between the defendant and the plaintiff's brother, which would impose upon the defendant the obligation of using reasonable care to keep the common stairway involved in as safe condition as it appeared to be when such a relationship began. *Chambers* v. *Durling,* 306 Mass. 327, 329–330, and cases cited. We are of opinion that the plaintiff failed to sustain this burden.

While it is agreed that the defendant entered the premises for the purpose of foreclosing the mortgage over a year before the date of the accident and it appears that during that period the plaintiff's brother continued to occupy an apartment therein, there is no evidence to show, as was required, a contractual relationship between him and the defendant, that the defendant ever notified him to pay rent or ever made any threat to evict him, or that he ever paid or agreed to pay rent or otherwise attorned to the defendant. In this state of the evidence the jury could not find properly that he was the defendant's tenant at the time of the accident. *Winnisimmet Trust, Inc.* v. *Libby,* 234 Mass. 407, 410. *Lamson & Co. (Inc.)* v. *Abrams,* 305 Mass. 238, 242. Compare

*Moss* v. *Grove Hall Savings Bank,* 290 Mass. 520, 523; *Souza* v. *Becker,* 302 Mass. 28, 31; *Skolnick* v. *East Boston Savings Bank,* 307 Mass. 1, 2–3.

The evidence in its aspect most favorable to the plaintiff would not support a finding that at the time of the accident his brother was in any better position than that of a tenant at sufferance, *Benton* v. *Williams,* 202 Mass. 189, 192, to whom the defendant owed merely the duty not wantonly nor wilfully to injure him. *Margosian* v. *Markarian,* 288 Mass. 197, 199. The plaintiff has not alleged or shown that his injuries resulted from any wanton or wilful conduct of the defendant.

There was no error in the allowance by the judge of the defendant's motion for a directed verdict.

*Exceptions overruled.*