PETER F. GALJAARD *vs.* ALVAN N. DAY & another.

Middlesex.   February 9, 1950. — March 8, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Tenancy at sufferance, Tenancy at will, Termina-
tion of tenancy, Landlord's liability to tenant or his family or his
invitee. *Summary Process.*

A tenant at will of real estate remaining in possession after a judgment
against him for possession in an action of summary process became a
mere tenant at sufferance although issuance of execution was stayed
under St. 1948, c. 2.
In the absence of evidence of wanton or reckless conduct of the owner of
premises, a tenant at sufferance occupying a portion thereof could not
maintain an action against him for injuries sustained in a fall on ice
formed on a common walk on the premises from water emptied there
by the landlord.
Statutes permitting a discretionary stay of execution following a judgment
for possession against a tenant at will in an action of summary process
do not extend the tenancy at will.

TORT.   Writ in the District Court of Central Middlesex
dated February 21, 1949.

The action was heard by *Northrup,* J.

*R. S. Marsh,* (*W. H. Macdonald* with him,) for the plain-
tiff.

*W. Powers, Jr.,* for the defendants.

LUMMUS, J.   The plaintiff was a tenant at will of the
defendants in a tenement on premises in Lexington owned
by the defendants and "occupied" by the plaintiff and the
defendants.   On October 21, 1948, the defendants obtained
judgment against him for possession in an action of sum-
mary process, but the issuance of execution was stayed
from time to time until sometime in March, 1949.   St.
1948, c. 2.   St. 1949, c. 87.   The plaintiff remained in pos-
session of the tenement.   On December 25, 1948, he fell
on ice on a common walk on the premises.   The ice resulted

from the act of the defendant Alvan N. Day in emptying on the walk water which then froze. The defendants were seasonably aware of the condition of the walk.

The judge found that at the time of the fall the plaintiff was merely a tenant at sufferance to whom the defendants owed merely the duty of refraining from doing him wilful or wanton injury. He found for the defendants. The Appellate Division dismissed a report, and the plaintiff appealed to this court.

At common law a person in the position of the plaintiff was merely a tenant at sufferance. *Dennett* v. *Nesson*, 244 Mass. 299. *Margosian* v. *Markarian*, 288 Mass. 197. *Mescall* v. *Somerset Savings Bank*, 305 Mass. 575, 577. "A tenant at sufferance is a bare licensee to whom the landlord owes merely the duty not wantonly nor wilfully to injure him." *Margosian* v. *Markarian*, 288 Mass. 197, 199. *Carney* v. *Conveyancers Title Ins. & Mortgage Co.* 309 Mass. 197, 200.

We think that the rights of the plaintiff were made no greater by the recent statutes providing for stays of execution in cases of summary process. Such statutes do not extend the tenancy at will. On the contrary, they declare that the "tenancy has been terminated." G. L. (Ter. Ed.) c. 239, § 9. St. 1946, c. 43. St. 1947, c. 78. St. 1948, c. 2. St. 1949, c. 87. In *Dennett* v. *Nesson*, 244 Mass. 299, where after judgment of possession a stay of execution was granted under St. 1920, c. 577, it was held that the tenancy at will had ended, that no new tenancy at will arose, and that there existed only a tenancy at sufferance. In the present case wanton or reckless conduct is neither alleged nor proved. We find no error in dealing with the plaintiff's requests for rulings.

*Order dismissing report affirmed.*