*Municipal Court of the City of Boston*

No. 16931

**MARY D. IORIO**

v.

**EDWARD C. DONNELLY, JR., ET AL**

(October 7, 1960 — January 13, 1961)

*Present:* Gillen, J. (Presiding), Lewiton & Roberts, JJ.

Case tried to *Chayet, Sp. J.*

*Roberts, J.* This is an action of contract in which the plaintiff seeks recovery for rent and for the fair value of the use and occupancy of the plaintiff's roof for the displaying of advertising signs for the period of November 1, 1958 to the date of the writ,

December 16, 1959. The defendants pleaded a general denial and specifically denied that they owed the plaintiff the sums of money set out in the plaintiff's declaration.

*At the trial there was evidence tending to show that* the roof upon which the advertising was displayed is on a one-story building on a site of about 8,500 square feet of land at the junction known as Hyde Square, Jamaica Plain. The street floor area of the building is comprised of stores with a bowling alley in the basement. There is a traffic rotary at Hyde Square. A large amount of traffic passes the building day and night. The advertising display signs are visible from three approaches to the building. The building was purchased by the plaintiff in 1956. The defendants have occupied the roof for the display of advertising signs since 1924, and were at the time of the purchase by the plaintiff occupying the roof under a lease which lease expired October 31, 1958, the lease having been assigned to the plaintiff from the former owners when the plaintiff purchased the building in 1956. She notified the defendants that she was the new owner. Payment was made to the plaintiff by the defendants for the rental due under the lease for the final year which was at the rate of $175.00 per year. After November 1, 1958, discussions occurred between a representative of the defendants and the plaintiff about the rental charge for the use of the roof without any conclusion.

Some time after November 1, 1958 when the lease had expired the plaintiff sent to the defendants a letter notifying them that "the rental on this location is ($600.) six hundred dollars a year".

Further, the defendants admitted in answer to the plaintiff's interrogation that they had received a series of letters from the plaintiff's attorney on several successive dates commencing on May 1, 1959 to the effect that "the plaintiff is charging $200 for the use of her roof" for the months of May, June, July, August and September of 1959. So far as appears from the report none of the communications were in any way acknowledged by the defendant, and the defendant made no payment to the plaintiff of any kind.

At the close of the evidence the plaintiff made several requests for rulings which were refused by the trial judge who made the following findings of fact:

"I find as a fact that the plaintiff at the time she became the owner of the premises received an assignment of a lease, previously executed by and between the defendants and the former owner of the premises, which lease expired October 31, 1958."

"After said date the defendants became tenants at sufferance and were liable for the fair value for the use and occupancy of the roof for advertising display signs."

"I find for the plaintiff in the sum of $405."

The plaintiff contends that the failure of the trial judge to pass on her requests for

rulings was error entitling her to a new trial. We cannot agree with this contention.

■ The refusal of the trial judge to take action upon the plaintiff's requests for rulings of law was under the circumstances a denial of them and are treated by us on this basis. *Hetherington & Sons v. Firth,* 210 Mass. 8, 17; *Jasuikiewicz v. Wright,* 288 Mass. 63, 65.

The several requests in question all appropriately raise the fundamental issue argued by the plaintiff which is that the defendants by continued occupancy agreed to pay the sum of two-hundred dollars a month for the use of the roof by them after receipt of the plaintiff's "notice of charge".

,There is no error in the denial of these requests.

■ It seems clear that the mere holding over without any agreement, express or implied, by a tenant after the expiration of a written lease constitutes them as tenants at sufferance. *Warren v. Lyons,* 152 Mass. 310; *Burton v. Williams,* 202 Mass. 189-192; *Ghoti Estate v. Freda's Capri Restaurant, Inc.,* 332 Mass. 17-26. Here the defendants not only have pursued a policy of silence but have paid no rent whatever since the expiration of the lease. So far as disclosed by the report it would appear that the defendants relied on their position as tenants at sufferance until a satisfactory express agreement was arrived at by the parties.

■ We are of the opinion that the court was not required to find that the defendant's

conduct of silence upon receipt of the plaintiff's letter notifying them that the charge for occupancy for each monthly period would be $200 constituted an implied agreement to pay such sums. *Williams v. Seder,* 306 Mass. 134; *Maguire v. Haddad,* 325 Mass. 59. "It was a fact to be determined in the light of all the testimony and the attendant circumstances whether a contract existed between the parties by fair implication." *Benton v. Williams,* 202 Mass. 189, 193.

The trial court found that the defendants were tenants at sufferance and were liable for the fair value of the use and occupancy of the roof for advertising display signs. Such a finding in our opinion was fully warranted. No question has been raised by the plaintiff respecting the finding for her in the amount of $405 for the fair value for the use and occupancy of the premises.

*Report dismissed.*

Joseph G. Kelly of Boston, for the Plaintiff.

Albert W. Wunderly of Boston, for the Defendants.