*Western District*

**HAROLD GRINSPOON, et al**

v.

**PATRICIA MADDOX**

Argued: February 6, 1964
Decided: March 12, 1964

*Present*: Garvey, P. J. & Allen, J.

Case tried to *Barnes, J.* in the District Court of Springfield. No. 164,873.

*Allen, J.* This is an action of contract in two counts. In Count 1, rent in the amount of $5.00 is alleged to be due from the defendant. Count 2 alleges damages caused by the defendant to the rented premises. The defendant's answer was a general denial and that the action is frivolous.

The plaintiff claims to be aggrieved by the rulings of the judge on the following requests: "The evidence is insufficient to warrant a finding for the defendant." "Where a tenant causes damages or suffers damages to be made to an apartment rented to her, the landlord can recover from her the damages." "Where a tenant permits damages to be caused to the apartment which she has rented from the landlord, the landlord can recover from her for the damages so caused." "As the defendant permitted and suffered damages to be caused to the apartment which she rented from the plaintiff, the plaintiff's entitled to damages in this action."

The judge denied these requests stating they "are immaterial based on my findings; that I am unable to find that the defendant was a tenant of the plaintiffs; unable to find when the damages occurred; unable to find who caused the damage and unable to determine if said damage was voluntary or permissive waste."

The only witness was the plaintiff, Harold Grinspoon. He testified, among other things, that the Maddox family occupied the premises since 1960; that Mr. Maddox was in the

military service and did not know when he had left the apartment; and that he did not know if the husband or the wife or both had rented the apartment.

He also testified that he examined the apartment approximately thirty days prior to October 1, 1961, while the defendant was occupying it, and that it was in good condition. That on October 2, 1961, when he entered by letting himself in with a pass key he found some of the defendant's furniture piled in the living room, loose plaster, broken light fixtures, marks on the wall and some wallpaper torn loose.

The findings of fact of the trial judge must stand if there was evidence to support them. *Caton v. Winslow Brothers & Smith Co.,* 309 Mass. 150, 154. The judge correctly found on both counts that the plaintiff had failed to sustain the burden of proof and therefore could not recover. *Herman v. Fine,* 314 Mass. 67, 69.

"In order to create such tenancy there must be shown either an express agreement, or one implied from the conduct *of the parties."* (emphasis supplied) *Dennett v. Nesson,* 244 Mass. 299, 301; *Newman v. Sussman,* 239 Mass. 283, 285. Here the plaintiff testified he could not say whether the husband or wife or both were the tenants.

The judge's ruling that the plaintiff did not sustain the burden of proof as to Count 2 was justified. He could not determine from the evidence when the alleged damage oc-

curred or who caused it. Furthermore, he could not determine whether it was voluntary or permissive waste. In the latter situation there would be no liability even though she was a tenant. *Means v. Cotton,* 225 Mass. 313, 319.

*The report is to be ordered dismissed.*

Louis Kerlinsky, of Springfield, for the Plaintiff.
Louis H. Cohen, of Springfield, for the Defendant.