*Municipal Court of the City of Boston*

No. T-21412

### BARBARA KING

v.

### G & M REALTY CORP.

Argued: Oct. 23, 1970 - Decided: Nov. 4, 1970

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Spec. J.

Case tried to *Glynn, J.*

**Adlow, C.J.** Action of tort to recover for negligence of a landlord in maintaining a common stairway.

There was evidence that prior to April 26, 1968 the plaintiff had been a tenant of the defendant corporation for about 7 years on the premises at 57 Templeton Street in Dorchester.

On April 26, 1968, at about 8:00 A.M. the defendant fell while descending a common stairway leading to the back yard of the defendant's premises. The alleged defect was a protruding nail on the stairway, on which the plaintiff's slipper caught causing her to fall and suffer injury. There was testimony that the plaintiff notified the defendant on several prior occasions that the stairs needed repairs.

There was evidence that on April 15, 1968 the plaintiff was served a 14 day notice to quit and deliver up the premises occupied by her for nonpayment of rent. No further proceedings were instituted and in June of 1968 the plaintiff paid up her arrears in rent.

At the close of the evidence the court refused to rule, at the request of the defendant, that "As a matter of law the defendant breached no legal duty owed by it to the plaintiff." and found for the plaintiff, and being aggrieved by the refusal to rule as requested the defendant brings this report.

The court erred in refusing to rule as requested. The plaintiff at the time of the accident had lost her status as a tenant at will and was a mere tenant at sufferance. As such she was a mere licensee to whom the landlord owed no higher duty than to avoid any wanton or wilful injury. *Brennan* v. *Keene*, 237 Mass. 556, 561. *Coulombe* v. *Horne Coal Co.*, 275 Mass. 226, 230. As a licensee she used the premises subject to all risks afforded by the condition of

the premises. *Reardon* v. *Thompson,* 149 Mass. 267. *Creedon* v. *Boston & Maine RR.,* 193 Mass. 280. The finding of fact by the court that the plaintiff was not a tenant at sufferance at the time of the accident, since the fourteen day notice to quit was not effective until a day subsequent to the accident, was based on an erroneous concept of the law applicable to the situation. In *Margosian* v. *Markanian,* 288 Mass. 197 at 199, the court clearly declared that on giving a fourteen day notice to quit for non-payment of rent, a tenancy at sufferance comes into existence. This ruling of the court is in accord with common law principles as well as G.L. c. 186, § 12, which merely amplifies the common law rule.

While the statute above cited provides for a reinstitution of the tenant at will status of the tenant by payment of arrears within five days after receipt of the notice, it does not appear that the tenant did take advantage of the privilege. As a consequence her status on the day of the accident was that of tenant at sufferance, and she was not entitled to a recovery.

**Finding for the plaintiff vacated. Finding to be entered for the defendant.**

JOHN A. IRWIN
   for the Plaintiff
BADGER, PARRISH, SULLIVAN & FREDERICK
   for the Defendant

## REPORTER'S NOTE

A *tenant at sufferance* is one who holds over the premises after the termination of his tenancy under a lease or at will. He retains possession of land or premises without legal right, although he entered upon the land or premises rightfully. He has no estate or title but only a naked possession, without right and wrongfully, and he stands in no privity to the landlord. *Benton* v. *Williams,* 202 Mass. 189, 192. He differs from a trespasser or disseisor only in that his original entry upon the land or premises was not unlawful. *Kelly* v. *Waite,* 12 Met. 300, 302.

He is not entitled to notice to quit, may be ejected after a reasonable time and he has no right of action against his landlord or other person entitled to possession, if his goods and those of his family are removed without unnecessary force or damage. *Lash* v. *Ames,* 171 Mass. 487. *Kelly* v. *Waite,* 12 Met. 300, 302. *Hatstat* v. *Packard,* 7 Cush. 245. *Hollis* v. *Pool,* 3 Met. 350. *Kinsley* v. *Ames,* 2 Met. 29. While there is no privity between him and his landlord, he is liable for a reasonable amount as rent during the period of his possession. G.L. c. 186, §3. However, failure of a lessee or tenant holding over after the expiration of the tenancy to reply to a notice given to him by the landlord of a new rate of rent does not imply consent of the lessee or tenant to pay such rent, nor does it render him liable for more than a

fair value of his use and occupation. *Iorio* v. *Donnelly,* 12 LEGALITE 194; 20 Mass. App. Dec. 189, 193.

A tenancy at sufference may be converted into a tenancy at will by an express or implied agreement between the landlord and the tenant. *Moskow* v. *Robinson,* 276 Mass. 16, 18. When the tenancy at sufferance results from the non-payment of rent, the payment of the arrearages within five (5) days of the receipt of the notice, reinstates the former tenancy. G.L. c. 186, §12. (§11 — four (4) days for lessees).

A tenant at sufferance is a bare licensee to whom the landlord owes merely the duty not wantonly or wilfully to injure him. *Margosian* v. *Markarian,* 288 Mass. 197, 199. *Carney* v. *Conveyancers Title Ins. & Mtg. Co.,* 309 Mass. 197, 200.

In *Galjaard* v. *Day,* 325 Mass. 475, in which the plaintiff, a tenant at sufferance, who fell on ice on a common walk on the premises after judgment had been obtained against him for possession in an action of summary process but the issuance of execution was stayed, Justice Henry T. Lummus said, at page 476:

> "We think that the rights of the plaintiff were made no greater by the recent statutes providing for stays of execution in cases of summary process. Such statutes do not extend the tenancy at will. On the contrary, they declare that the "tenancy has been terminated." G.L. (Ter.

Ed.) c. 239, § 9. St. 1946, c. 43. St. 1947, c. 78. St. 1948, c. 2. St. 1949, c. 87. In *Dennett* v. *Nesson*, 244 Mass. 299, where after judgment of possession a stay of execution was granted under St. 1920, c. 577, it was held that the tenancy at will had ended, that no new tenancy at will arose, and that there existed only a tenancy at sufference. In the present case wanton or reckless conduct is neither alleged nor proved."