GERALDINE BROWN vs. ANNE GUERRIER.

Suffolk. September 14, 1983. — December 20, 1983.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Report, Appeal. *Landlord and Tenant,* Tenancy at sufferance, State Sanitary Code. *Housing.*

Although a judge's report of questions of law was ordered discharged because the unsuccessful party below had failed to file a brief on appeal, nevertheless, this court expressed its views on those substantive questions of public importance to which the answers were reasonably clear, since the case had been briefed on behalf of the other party and presented certain concrete issues of general application not depending on factual determinations. [632-633]

A tenant at sufferance who continues to pay rent is entitled to maintain an action under G. L. c. 111, § 127H, which provides that "[a]ny tenant who rents space" in a residential building may file a petition against the owner for relief from a violation of the standards of fitness for human habitation established under the State Sanitary Code and from a violation of certain local board of health standards. [633-634]

In the circumstances, this court declined to express its views as to whether a preliminary injunction to correct certain defective electrical switches in violation of the State Building Code could be issued on behalf of a tenant at sufferance under the provisions of G. L. c. 186, § 14. [634-635]

CIVIL ACTION commenced in the City of Boston Division of the Housing Court Department on October 21, 1982.

The case was reported to the Appeals Court by *Daher,* C.J. The Supreme Judicial Court granted a request for direct appellate review.

*James M. McCreight (Susan C. Cohen* with him) for the plaintiff.

WILKINS, J. The Chief Judge of the Boston Housing Court has reported the issue of the propriety of a preliminary injunction he entered pursuant to G. L. c. 186, § 14, and G. L. c. 111, § 127H, granting certain relief to a tenant at suffer-

ance. Mass. R. Civ. P. 64, 365 Mass. 831 (1974). The judge's basic concern was whether he was correct in granting relief under these statutes to a tenant at sufferance.

The plaintiff, a tenant at sufferance in an apartment owned by the defendant, filed a complaint in the Boston Housing Court, seeking, among other relief, an order that the defendant make certain repairs so as to bring the premises into compliance with the State Sanitary Code (105 Code Mass. Regs. §§ 410.001 et seq. [1978]), and with the State Building Code (780 Code Mass. Regs. §§ 100.1 et seq. [1980]). The parties stipulated that there were continuing violations of both the State Sanitary Code and the State Building Code. The defendant contended that the plaintiff as a tenant at sufferance, under a court order to vacate the premises, was not entitled to the relief sought.[1]

1. We granted the plaintiff's application for direct appellate review. The defendant has not filed a brief with this court. The defendant, the unsuccessful party below, is thus not entitled to a decision of this court on the reported case. *Commonwealth* v. *Petralia*, 372 Mass. 452, 454 (1977). The fact that a case comes here on report by a judge, rather than on appeal by the defendant, makes no difference. *Id.* The report must be discharged.

On occasion, we have been willing to express our views on matters not strictly before us. See *Department of Community Affairs* v. *Massachusetts State College Bldg. Auth.*, 378 Mass. 418, 424 (1979); *Lahey Clinic Found., Inc.* v. *Health Facilities Appeals Bd.*, 376 Mass. 359, 372 (1978); *Moore* v. *Election Comm'rs of Cambridge*, 309 Mass. 303, 305-306 (1941). We have done so particularly when the case has been fully briefed on the merits, when there is a public interest in obtaining a prompt answer to the question, and when the answer to be given is reasonably clear. *Moore* v. *Election Comm'rs of Cambridge, supra.* In this

---

[1] Although there were collateral proceedings challenging the summary process judgment against the plaintiff-tenant, she does not argue here that she was other than a tenant at sufferance. The plaintiff obtained a stay of execution of the judgment against her in the summary process action.

case, the issues have been ably briefed on behalf of the plaintiff-tenant, but we have no brief from the defendant. The rights of tenants at sufferance under G. L. c. 186, § 14, and G. L. c. 111, § 127H, are of public importance, although the question is not one on which a prompt answer is required (although one may be desirable). This case presents certain concrete issues of general application not depending on factual determinations and is, therefore, unlike *Commissioner of Correction* v. *Ferguson,* 383 Mass. 651, 653 (1981), in which the Commissioner in effect sought "an advisory opinion as to his future course of conduct." The fact that a judge has reported the case is entitled to weight in deciding whether to exercise our discretion in favor of answering substantive questions. Balancing the various considerations, we have decided to express our views on those issues of importance to which the answers are reasonably clear.

2. Under G. L. c. 111, § 127H, as amended through St. 1978, c. 104, § 6,[2] "[a]ny tenant who rents space in a building for residential purposes" may file a petition against the owner to obtain relief from a "violation of the standards of fitness for human habitation established under the state sanitary code" and from a violation of certain local board of health standards. If this statute applies to a tenant at sufferance, the rights of such a tenant are far greater than at common law, where the landlord owed "merely the duty not wantonly nor wilfully to injure" the tenant. *Carney* v. *Conveyancers Title Ins. & Mortgage Co.,* 309 Mass. 197, 200 (1941). *Margosian* v. *Markarian,* 288 Mass. 197, 199 (1934).

We conclude that a tenant at sufferance is entitled to maintain an action under G. L. c. 111, § 127H. Section 127H refers to "[a]ny tenant who rents space." The plaintiff, although "at sufferance," is still a tenant of a sort,[3] and the

---

[2] General Laws c. 111, § 127H, has been amended in a respect not important to the issues we consider here. St. 1983, c. 84, § 6.

[3] Under the common law, the status of a tenant at sufferance was not contractual (*Benton* v. *Williams,* 202 Mass. 189, 192 [1909]), involved no privity of estate with the owner (H. Stavisky, Landlord and Tenant Law

record shows that during the period of her tenancy at sufferance she continued to pay rent. See G. L. c. 186, § 3. Perhaps as important for our purposes as a literal application of the words of the statute is the legislative purpose behind the enactment of § 127H. This section was designed to serve the public interest as a means of preserving and rehabilitating the State's housing stock using private tenant initiatives and was not intended particularly to deal with individual relationships between owners and tenants. See *Simon v. Solomon*, 385 Mass. 91, 100-101 (1982); *Boston Hous. Auth. v. Hemingway*, 363 Mass. 184, 192 (1973); Final Report of the Special Commission on Low-Income Housing, 1965 House Doc. No. 4040, at 54, 64-65, 69-70; Angevine & Taube, Enforcement of Public Health Laws — Some New Techniques, 52 Mass. L.Q. 205, 206 (1967). A tenant at sufferance, indeed anyone competent to make oath to it, may make a criminal complaint for violation of the sanitary code. See *Haas v. Breton*, 377 Mass. 591, 595 n.6 (1979); *Commonwealth v. Haddad*, 364 Mass. 795, 798-799 (1974). It would be curious if a tenant at sufferance, who is directly affected by unlawful conditions, could not obtain equitable relief on her own initiative in circumstances in which she and others could make a criminal complaint against the owner of the premises. We thus conclude that a tenant at sufferance may maintain an action under G. L. c. 111, § 127H.

3. What we have said largely, if not completely, answers the question whether the preliminary injunction was properly issued in favor of the plaintiff. Substantially all, if not all, the violations the judge directed to be remedied were violations of the State Sanitary Code, subject to correction by an injunction issued under G. L. c. 111, § 127H. There were violations of the State Building Code — a defective

---

§ 101, at 40, § 103, at 41 [1977 & 1982 Supp.]), and represented "the mere naked possession of the premises without right" (P. Hall, Massachusetts Law of Landlord and Tenant § 2, at 4 [4th ed. 1949]). We have noted that "the effect of modern legislation may well be to give [a tenant at sufferance] a more honorific status" than he had at common law. *King v. G & M Realty Corp.*, 373 Mass. 658, 664 (1977).

electrical switch and an inoperable one — that may or may not also have been violations of the State Sanitary Code, correctable in an action brought under § 127H.

The question here is whether an injunction to correct these building code violations could be issued under the provisions of G. L. c. 186, § 14, as amended by St. 1974, c. 192, § 1. That section places criminal penalties on "[a]ny lessor or landlord of any building or part thereof occupied for dwelling purposes" who "willfully or intentionally fails to furnish" certain services when the lessor or landlord "is required by law" to do so and the relevant service "is necessary to the proper or customary use of such building or part thereof." Section 14 also provides criminal penalties for "any lessor or landlord who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant." Section 14 further contains a provision for the enforcement of its requirements by private actions.

Although what we have said concerning the application of G. L. c. 111, § 127H, to a tenant at sufferance is appropriate in deciding whether a tenant at sufferance has rights under G. L. c. 186, § 14, the question whether § 14 applies to the building code violations involved in this case is not so easily answered as to warrant the expression of our views. The record does not show clearly that the defendant was required by law to furnish the light or power which was unavailable due to these particular defective switches. Nor should we undertake in this case to consider the extent of a tenant at sufferance's right to "quiet enjoyment" of the premises, and whether the defective switches interfered with any such right. See *Simon* v. *Solomon*, 385 Mass. 91, 102 (1982). We prefer to deal with the extent to which all or some portion of G. L. c. 186, § 14, applies to a tenant at sufferance in an adversary context.

4. The report from the Chief Judge of the Boston Housing Court is discharged.

*So ordered.*