RONALD BOUCHARD, INC. *vs.* HARTFORD ACCIDENT AND
INDEMNITY COMPANY.

Worcester. December 4, 1975. — March 4, 1976.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Insurance,* Liability insurance, Construction of policy. *Words,*
"Completed operations hazard."

A "completed operations hazard" clause in a manufacturers' and
contractors' schedule liability insurance policy, which excluded
from coverage under the policy liability for bodily injury or
property damage arising after the insured had completed or
abandoned operations and occurring away from premises owned
by or rented by the insured, was clear and unambiguous and
permitted no coverage for damages resulting from an explosion,
allegedly caused by the insured's negligence, which occurred some
thirty-six hours after the insured had completed the installation of
carpeting in a home. [847-850]

BILL IN EQUITY filed in the Superior Court on August
24, 1973.

The suit was heard by *Beaudreau,* J.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Joseph F. Sawyer, Jr.,* for the defendant.
*Edward F. O'Brien, Jr.,* for the plaintiff.

HENNESSEY, C.J. This is a bill for declaratory relief to
determine coverage under the provisions of a manu-
facturers' and contractors' schedule liability insurance
policy issued by the defendant, Hartford Accident and
Indemnity Company (Hartford), to the plaintiff, Ronald
Bouchard, Inc. (Bouchard). The issue is whether a loss
due to an explosion, allegedly caused by the negligence of
Bouchard, was excluded from coverage by reason of a

"completed operations hazard" clause in the insurance policy.

Based on a statement of agreed facts, a judge of the Superior Court determined that there was coverage under the terms of the policy and entered a decree that Hartford was liable thereunder to defend Bouchard up to the policy limit, and to pay any judgment resulting from an action brought against Bouchard by one Charles E. Keene. The case comes here on Hartford's appeal from the Superior Court decree.

We conclude that the decree was in error, in contravention of the plain language of the policy, and that a new judgment must be entered declaring that the claim in question was excluded from coverage under the policy.

Bouchard, engaged in the business of installing floor carpeting and tiling, purchased the policy in question from Hartford insuring itself against liability for bodily injury and property damage. The policy was subject to certain exclusions, including a "completed operations hazard" clause which provided as follows: "This insurance does not apply . . . (m) to bodily injury or property damage included within the completed operations hazards . . . ."

"'Completed operations hazard' is defined in the policy as including bodily injury and property damage *arising out of operations* or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

"(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,

"(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

"(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

"Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete shall be deemed completed.

"The completed operations hazard does not include bodily injury or property damage arising out of

"(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

"(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

"(c) operations for which the classification stated in the policy or in the company's manual specifies 'including completed operations.'"

The event for which coverage is claimed under the policy, an explosion, occurred on June 22, 1969, at the home of one Charles E. Keene. Bouchard had completed installation of carpeting in Keene's home approximately thirty-six hours prior to the explosion. Keene brought suit against Bouchard alleging negligence on its part in disconnecting, moving, and/or damaging gas pipes on his premises in connection with the carpet installation, thereby causing the explosion and resulting damage. Hartford maintains that it is not liable to defend Bouchard in the pending action by Keene by reason of the "completed operations hazard" exclusion.

Bouchard sets forth two arguments in support of its contention that Hartford may not disclaim liability under the "completed operations hazard" clause. First, in light

of the principle that insurance policies should be strictly construed and all ambiguities resolved against the insurer, *Transamerica Ins. Co.* v. *Norfolk & Dedham Mut. Fire Ins. Co.*, 361 Mass. 144, 147 (1972), Bouchard argues that the "operations" provision in question should be interpreted as referring only to carpeting work, for it would be reasonable for the average businessman to assume that his risk from his operations is limited to his field of expertise.  See *Johnson* v. *National Union Fire Ins. Co.*, 56 Misc. 2d 983 (Sup. Ct. 1968), aff'd, 33 App. Div. 2d 924 (N.Y. 1970); *McAllister* v. *Century Indem. Co.*, 24 N.J. Super. 289, aff'd, 12 N.J. 395 (1953).  But see *Baker* v. *Maryland Cas. Co.*, 73 R.I. 411 (1948). Since Bouchard could anticipate being liable only for an injury arising from some defect or deficiency resulting from its work on carpets, the operations exclusion cannot be read to encompass any more than that.  As a result, according to Bouchard, the explosion in Keene's home did not come within the exclusion, since it was not related to his carpeting work, and as such, any resulting injury was insured.    Second, assuming that the occurrence that caused the damage does come within the meaning of "operations," Bouchard argues that it did occur before the completion of operations, for the damage was a continual one, completed only by the explosion.  Under this theory, if the occurrence is found to be a part of Bouchard's operations, the operations could be considered completed at the time of the explosion.

We conclude that Bouchard's arguments are not persuasive because we do not agree with the central assertion that the exclusionary clause in the contract before us is ambiguous.  We find, when viewing the policy as a whole and giving the words contained therein their usual and ordinary significance, *Woogmaster* v. *Liverpool & London & Globe Ins. Co.*, 312 Mass. 479, 481 (1942); *Estabrook* v. *Eastern Commercial Travelers Accident Ass'n*, 308 Mass. 439, 442 (1941), that the language of the "completed operations hazard" is clear

and unambiguous. It sets out specifically that Bouchard is not covered for liability for bodily injury or property damage that occurs after operations have been completed or abandoned and that occurs away from premises owned by or rented to the named insured.

It is not disputed that the explosion which gave rise to Keene's claim against Bouchard occurred away from premises owned by or rented to Bouchard, and that the explosion occurred some thirty-six hours after Bouchard had completed the installation of carpeting at Keene's residence. The policy explicitly states that operations shall be deemed completed when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed. Bouchard had finished its work and had left the premises thirty-six hours before the explosion.

The language clearly limits Hartford's liability to accidents occurring during the process of the contractor's work, and excludes liability for accidents, due to defective workmanship, occurring after completion. In such a case the principles argued by Bouchard, applicable to ambiguous language in insurance policies, have no application. See *Sherman* v. *Metropolitan Life Ins. Co.*, 297 Mass. 330, 336 (1937). Coverage for completed operations involves a separate risk, and we have no doubt that Bouchard could procure protection against that risk by paying an additional premium. We also have no doubt that an insured who read the plain language of the exclusion clause in the policy before us would be fully informed that he would have no coverage for an event that occurred in the circumstances here shown.

The decree previously entered is reversed and a judgment is to be entered to the effect that there is no coverage under the policy of insurance, and Hartford is under no liability to defend Bouchard against the action of Keene or to pay any judgment resulting from the action by Keene against Bouchard.

*So ordered.*