OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for entry of judgment in conformity with this memorandum.
 

 The exclusion from insurance coverage under a contractual property damage policy of “property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof” has received judicial attention in several cases in our court. It operates to deny the insured coverage for damage to its own work product but not for damage caused by the insured to the work product of others. Thus, for example, in
 
 Zandri Constr. Co. v Stanley H. Calkins, Inc.
 
 (81 AD2d 106, affd 54 NY2d 999) where the insured contracted for the construction of a church, when a defect in construction required the expenditure of substantial sums to repair the building, the damage was to the work product of the insured (i.e., the church edifice) and thus excluded from insurance coverage. By contrast, in
 
 Sturges Mfg. Co. v Utica Mut. Ins. Co.
 
 (37 NY2d 69) where the defect was in stitching on the strap component of ski bindings the insurer was held obliged to defend the manufacturer of the straps against claims for damage to the
 
 bindings
 
 (i.e., the larger unit of which the insured’s product was but a component).
 

 In the case now before us the insured subcontractor was responsible for the installation of steel shelf angles on the exterior walls of a 19-story reinforced concrete building which were used to transfer the weight of the masonry facing onto the structure of the building itself. When there was a failure of the masonry facing and it was determined that the shelf angles had been incorrectly installed, the insured was backcharged in the amount of $56,438.43 for repair and replacement costs. In this subsequent action
 
 *543
 
 against the insurer the insured computed its damages as follows:
 

 “(a) Masonry work resulting from repair of defective relieving angles $9,328.00
 

 “(b) Repair of damage to metal air conditioning enclosures caused by scaffold tie-back where defective shelf angles were repaired 1,296.00
 

 “(c) Repair work performed by general contactor resulting from defective relieving angles 4,305.70
 

 “(d) Repair work performed by painting contractor resulting from defective relieving angles 1,355.00.
 

 “(e) Caulking of areas where remedial work performed necessitated by defective relieving angles 12,774.00
 

 “(f) Work performed by Plaintiff necessitated by defective relieving angles 27.380.43
 

 Total $56,438.43”
 

 The insurer, appearing to recognize that items (a) through (e) were for damages the insured suffered for injury to the work product of others, now acknowledges that those five items fall within the coverage of the policy. Only the sixth item, (f), is at issue on this appeal. As the insurer properly contends, that item consists of damages to the work product of the insured itself and accordingly is excluded from coverage under the insurance policy in this case.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.