STOP & SHOP COMPANIES, INC. *vs.* BOARD OF REGISTRATION IN PHARMACY. May 3, 1983. Stop & Shop Companies, Inc. (Stop & Shop), brought this action in the Superior Court for declaratory relief seeking a declaration that the Board of Registration in Pharmacy (board) had exceeded its powers in adopting certain regulations forbidding the operation of a pharmacy within an unrelated place of business. See G. L. c. 112, § 39; 247 Code Mass. Regs. §§ 4.04(10)(c)(2) & 4.05(14) (1979). In the alternative, Stop & Shop sought declarations that the cited statute and regulations were invalid as violative of the due process and equal protection clauses of the Fourteenth Amendment and the antitrust laws of the United States, and a further declaration that Stop & Shop could lawfully operate a retail pharmacy in the town of Pembroke and within its supermarkets elsewhere within the Commonwealth. Stop & Shop moved for summary judgment, and the board moved to dismiss the complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). The board contended that there was no actual controversy between the parties, as Stop & Shop had not applied to the board for a permit. The judge granted the board's motion, ruling that Stop & Shop had failed to state a claim upon which relief could be granted. The judge held that a declaration that Stop & Shop could operate pharmacies within supermarkets anywhere within the Commonwealth was clearly beyond the power of the court to grant and

that there was no actual controversy between the parties. See G. L. c. 30A, § 7; G. L. c. 231A, § 1. This appeal followed. We reverse the order of dismissal and remand to the Superior Court for further proceedings.

1. That certain of the plaintiff's prayers for relief were beyond the power of the court to grant is not in itself grounds for dismissal of the complaint, for the court may fashion such relief as is appropriate. See *Nader v. Citron,* 372 Mass. 96, 104 (1977); *Santana v. Registrars of Voters of Worcester,* 384 Mass. 487, 491 (1981).

2. By its complaint, Stop & Shop alleged that it operates numerous supermarkets and separate pharmacies throughout the Commonwealth, that it had existing plans to operate a retail pharmacy within a supermarket in Pembroke, that it wished so to operate pharmacies throughout the Commonwealth, and that the board's regulations expressly forbid the licensing of pharmacies so organized. Because of its ongoing involvement with the board in the licensing of its existing pharmacies, Stop & Shop had standing to challenge the validity of the board's regulations. See *Westland Housing Corp. v. Commissioner of Ins.,* 352 Mass. 374, 382-384 (1967); *Massachusetts Assn. of Independent Ins. Agents & Brokers, Inc. v. Commissioner of Ins.,* 373 Mass. 290, 293 (1977); *Holden v. Division of Water Pollution Control,* 6 Mass. App. Ct. 423, 426-428 (1978). Because Stop & Shop sought a* declaration with respect to the validity of the board's regulations, which constitute an official interpretation of a statute, the complaint presented an actual controversy for resolution by the court. G. L. c. 30A, § 7. *Massachusetts Assn. of Independent Ins. Agents & Brokers, Inc., supra. Massachusetts State Pharmaceutical Assn. v. Rate Setting Commn.,* 387 Mass. 122, 126 (1982). In these circumstances, it is not necessary that Stop & Shop first obtain a refusal of its permit by the board before bringing an action under G. L. c. 30A, § 7, and G. L. c. 231A, § 1. See *Massachusetts State Pharmaceutical Assn. v. Rate Setting Commn., supra.* See also *Murphy v. Administrator of the Div. of Personnel Admn.,* 377 Mass. 217, 220-222 (1979).

3. The other contentions raised by both parties are without merit.

The judgment is reversed, and the action remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*David Berman* (*Samuel W. Mandell* with him) for the plaintiff.
*William L. Pardee,* Assistant Attorney General, for the defendant.