PAUL W. FRANKEL & another[1] *vs.* J. WATSON COMPANY, INC.; HARTFORD FIRE INSURANCE COMPANY, third-party defendant.

Berkshire. September 10, 1985. — October 17, 1985.

Present: BROWN, KASS, & WARNER, JJ.

*Insurance*, General liability insurance, Contractor's insurance, Construction of policy. *Practice, Civil*, Report, Appeal.

On a judge's report of questions of law a party was not entitled to raise an issue which had not been presented to the judge in the trial court and which was not included in the report. [45 n.5]

Although on a judge's report of questions of law to this court the unsuccessful party below failed to argue in its brief the issues presented by the judge's report, this court nevertheless responded to the questions, since the other party had fully briefed the issues and the answers to the reported questions were reasonably clear. [45]

In an action by plaintiffs seeking to recover for damage to their house claimed to have been caused by the construction contractor who had moved the house from another location and had placed it on a concrete foundation constructed by the contractor, this court concluded that, although a clause in the contractor's policy of comprehensive general liability insurance excluding coverage for damage to "that particular part of any property . . . the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured" thereby excluded coverage for any damage to the foundation resulting from faulty workmanship, the clause did not exclude from coverage any damage to the superstructure of the house caused by faulty workmanship on the foundation. [45-46]

CIVIL ACTION commenced in the Superior Court Department on September 18, 1980.

Questions of law were reported by *John F. Moriarty*, J.

*Brian J. Litscher* for the insurer.

*John D. Lanoue* for the plaintiffs.

_____

[1] Marcia Frankel.

BROWN, J. This case presents two questions reported by a judge of the Superior Court. See Mass.R.Civ.P. 64, 365 Mass. 831 (1974). At issue is whether an exclusionary clause in a comprehensive general liability policy issued by Hartford Fire Insurance Company (the insurer) to J. Watson Company, Inc. (the insured), applies to damages to the superstructure of the plaintiffs' home allegedly caused by the insured's faulty construction of a foundation.

The plaintiffs contracted with the insured to move their old farmhouse to an alternate site, to construct a roadway to the new site, to install underground utilities and a new septic system, and to pour and construct a new concrete foundation. Although the porch of the farmhouse sustained some damage in a collision (actually caused by a subcontractor) with a shed on the property during the move,[2] the superstructure was substantially intact when lowered onto the new foundation constructed by the insured. Shortly thereafter, the superstructure began to sag, causing extensive damage to it.

The plaintiffs contend that the damage to the superstructure resulted from the insured's negligent construction of the foundation. The insured impleaded the insurer, which claimed that the insured's comprehensive general liability policy excludes this damage from coverage by the terms of clause (y) (2) (d) (iii). The judge determined that that clause excludes from coverage damage to the foundation.[3] The judge also concluded that the property damage to the superstructure was not excluded under the clause, and, further, that pursuant to the policy the insurer must defend this claim and indemnify the insured for all reasonable attorney's fees and expenses incurred because of the insurer's original failure to defend. Those determinations form the bases of the two reported questions — (1) whether

---

[2] The damage from this collision is not at issue, the plaintiffs having conceded that a separate and distinct exclusionary provision, clause (y) (2) (d) (i), controls.

[3] Compare *Bond Bros.* v. *Robinson*, 393 Mass. 546, 547-548 (1984) (where the Supreme Judicial Court denied recovery for property damaged due to the insured's own faulty workmanship on the basis of a similar exclusionary clause within the policy).

the damage to the superstructure was recoverable under the policy and not excluded by clause (y) (2) (d) (iii), and (2) whether the insurer was bound to defend the insured against the plaintiffs' negligence claim.

The insurer makes but a two-sentence argument with regard to clause (y) (2) (d) (iii), the subject of the report.[4] See Mass.R.A.P. 16(a) (4), 367 Mass. 921 (1975). It does not argue in this court that clause (y) (2) (d) (iii) is controlling, but instead devotes essentially its entire brief to an argument that exclusionary clause (z) of the insurance contract is controlling.[5] As a general rule questions that have no basis in the pleadings or report are not open for decision on appeal. Thus, the insurer, by failing to brief the reported issue, had divested itself of any entitlement to a decision by this court. Compare *Brown* v. *Guerrier*, 390 Mass. 631, 632 (1983) (party, unsuccessful below, who fails to file brief is not entitled to decision of reviewing court on reported case). As the plaintiffs have fully briefed the issue litigated in the trial court, however, and the answers to the reported questions are reasonably clear, it would not be improper for this court to express its view. *Id.* at 632-633.

Coverage under the insured's policy does not apply "(y) to property damage . . . (2) except with respect to liability under a written sidetrack agreement or the use of elevators to . . . (d) that particular part of any property, not on premises owned by or rented to the insured, . . . (iii) the restoration, repair or

---

[4] It contends that the lowering of the superstructure onto the foundation constituted work on the entire structure and hence damage to the superstructure as well as damage to the foundation was excluded by clause (y) (2) (d) (iii). See discussion, *infra.*

[5] This clause is a "completed operations" clause, see *Ronald Bouchard, Inc.* v. *Hartford Acc. & Indem. Co.*, 369 Mass. 846 (1976), the materiality of which was not raised below and no question as to which has been reported by the trial court. Accordingly, this court need not address the applicability of exclusionary clause (z) to the issue of the insurer's liability under the contract. See *Amherst-Pelham Regional Sch. Comm.* v. *Department of Educ.*, 376 Mass. 480, 486 n.5 (1978); *Holden* v. *Division of Water Pollution Control*, 6 Mass. App. Ct. 423, 430 (1978).

replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured."

The trial judge reasoned that the reference in subpart (d) to "the particular part of any property," language which does not appear in other subparts of the clause, limits the scope of the exclusion to the extent of "faulty workmanship *thereon*" (emphasis supplied by trial judge), i.e., to that particular part of the property subject to the faulty workmanship. In the instant circumstances, the judge determined the "particular part" of the property affected by the alleged faulty workmanship of the insured was the foundation, which fell within the exclusion. The judge then concluded that the plaintiffs' claimed damages to the superstructure did not fall within the exclusionary language and were recoverable. We agree. The courts of New York have interpreted substantially similar provisions as creating a distinction between damage to the work product of the insured and damage to larger units of which the insured's work product is but a component. See, e.g., *Adler & Neilson Co.* v. *Insurance Co. of No. America*, 56 N.Y.2d 540 (1982), and cases cited. See also *C.O. Falter, Inc.* v. *Crum & Forster Ins. Cos.*, 79 Misc. 2d 981, 985-987 (N.Y. Sup. Ct. 1974) (construction of virtually identical exclusionary clause). A similar interpretation has also been given by the Minnesota Supreme Court. *Ohio Cas. Ins. Co.* v. *Terrace Enterprises, Inc.*, 260 N.W.2d 450, 454-455 (Minn. 1977) (building as a whole was not the work performed by the insured, so damage to building as a whole not excluded).

Given the current posture of this case, we think that the second reported question, whether the insurer is bound to defend the insured against the plaintiffs' negligence claim, has been correctly analyzed and ruled upon by the trial judge.

For essentially the same reasons as those stated by the trial judge we answer the two questions reported in the affirmative.