NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-424

KEVIN NORRIS

vs.

MASSACHUSETTS PAROLE BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kevin Norris, appeals from a judgment for the defendant, the Massachusetts Parole Board (the board), that entered after a Superior Court judge ruled in the board's favor on the parties' cross motions for judgment on the pleadings. As relevant here, the plaintiff's complaint sought declaratory relief pursuant to G. L. c. 231A, § 1, alleging that the board's application of parole conditions restricting Internet and "smart phone" use, requiring monitoring of Internet and smart phone use, and imposing sex offender special conditions of parole (SEX A conditions) violated his rights under the United States Constitution and the Massachusetts Declaration of Rights. We vacate the judgment and remand the matter for further proceedings.

Background.[1]  Following a jury trial in the Superior Court in 1992, the plaintiff was convicted of several crimes including two counts of aggravated rape[2] and three counts of armed robbery. Commonwealth v. Norris, 40 Mass. App. Ct. 1107 (1996) (unpublished decision pursuant to former rule 1:28, now known as rule 23.0, affirming convictions on direct appeal).  The plaintiff was sentenced to concurrent terms of from twenty-five to forty years in State prison on the aggravated rape and armed robbery convictions, and to concurrent lesser sentences on the remaining convictions.  He is currently classified as a level one sex offender.

In August 2018, the plaintiff was granted parole.  However, his parole was revoked and he was reincarcerated in 2019 after he was found in possession of an unauthorized smart phone.  See Commonwealth vs. Norris, Mass. App. Ct., No. 20-P-583, slip op. at 2 (June 17, 2020).  On August 31, 2020, the plaintiff was reparoled and released into the community.

---

[1] As the case comes before us on the parties' cross motions for judgment on the pleadings, we recite the facts drawn from the pleadings.  See Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974); Robinhood Fin. LLC v. Secretary of the Commonwealth, 492 Mass. 696, 698 n.4 (2023); Mahabir v. Crocker, 104 Mass. App. Ct. 242, 245 n.7 (2024).

[2] Although the facts herein are drawn from the parties' pleadings, we note that the docket of the 1992 case states that the plaintiff was convicted of three (rather than two) counts of aggravated rape.

The plaintiff's parole conditions included complying with the SEX A conditions; obeying local, State, and Federal laws; and conducting himself "in the manner of a responsible citizen." The SEX A conditions included not using the Internet without permission and submitting to an examination and search of any electronic devices to ensure they were not being used in violation of the plaintiff's supervision or treatment plans. In October 2020, January 2021, and March 2021, the board modified the plaintiff's parole conditions, including those implicated under the SEX A conditions, to allow (1) Internet access for work purposes; (2) use of a smart phone for work, legal research, counseling, banking, religious services, and listening to music; and (3) use of the plaintiff's computer for work purposes. The plaintiff's parole conditions still required monitoring of his smart phone and Internet activity.

In April 2021, the board sent a notice of preliminary hearing for possible revocation of parole to the plaintiff based on alleged parole violations. Following a final parole revocation hearing, a board panel affirmed the recommendation of revocation of parole and revoked the plaintiff's parole based on violations including unauthorized use of the Internet on his smart phone, in violation of the SEX A conditions; looking at nude photographs of young women on his smart phone, in violation

of the SEX A conditions; and sending a threatening text message.[3] Consequently, the plaintiff returned to prison.

The plaintiff filed the complaint from which this appeal arises in November 2021. As relevant here, the complaint alleges a claim for declaratory relief under G. L. c. 231A, § 1. That claim specifically alleges that the board's application of parole conditions restricting Internet and smart phone use, monitoring Internet and smart phone use, and imposing the SEX A conditions violated his constitutional rights.[4]

The plaintiff asserted that he "was subject to general conditions of parole" along with conditions "deemed appropriate for '[o]ffenders classified as [l]evel [one] by the Sex Offender Registry Board' (colloquially referred to as 'SEX A' conditions)." As to the declaratory judgment count, the plaintiff claimed that "[t]he parole conditions that restricted [the plaintiff's] [I]nternet and smart[ ]phone usage were not reasonably related to the goals of his parole and were imposed in violation of the United States Constitution and the Massachusetts Declaration of Rights"; "[t]he monitoring of [the

_____

[3] The plaintiff's hearing panel appeal was denied on July 16, 2021. His appeal to the full board was denied on June 2, 2022.

[4] The plaintiff also brought a certiorari claim, pursuant to G. L. c. 249, § 4, and a claim related to alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

4

plaintiff's] [I]nternet and smart[ ]phone usage constituted an unreasonable search and a violation of privacy rights in violation of the United States Constitution and the Massachusetts Declaration of Rights"; and "[t]he retroactive application of the [b]oard's [SEX A] conditions of parole to [the plaintiff] was done in violation of the United States Constitution and the Massachusetts Declaration of Rights."

The plaintiff attached as an exhibit to his complaint his August 2020 parole conditions, which noted Massachusetts "Parole Board Policy 120 PAR 360 Special Conditions:  Any parolee with a prior conviction for a sex offense . . . shall, in addition to any general or special condition, automatically be subject to the grouping of conditions known as the Sex Offender Conditions ('SEX[ ]A') . . . ."  He also attached the SEX A conditions form, which listed these conditions.  In the form, the plaintiff had written his initials next to each of the SEX A conditions for a level one sex offender.

Following limited discovery, both parties moved for judgment on the pleadings.  However, those motions were resolved when the board agreed to provide the plaintiff with a new final parole revocation hearing on the plaintiff's claim for

certiorari review, pursuant to G. L. c. 249, § 4.[5]  The

plaintiff's new parole revocation hearing took place in April

2023.  The board affirmed the plaintiff's revocation of parole,

but released the plaintiff on parole in May 2023 with conditions

including the SEX A conditions, allowing particular Internet

access[6] and requiring monitoring of the plaintiff's Internet

access.  A special parole condition was also imposed on the

plaintiff that prohibited him from possessing a smart phone, and

permitting him to possess only a "[f]lip phone or equivalent"

(thus, he was not subject to required monitoring of his smart

phone activity under the SEX A conditions).

The plaintiff again moved for judgment on the pleadings.[7]

In his motion, the plaintiff referenced the conditions imposed

after his new final revocation hearing, including the SEX A

conditions.  The board filed a cross motion for judgment on the

pleadings.  In his reply to the board's cross motion, the

_____

[5] In remanding the case for the new final parole revocation hearing, the judge stated that the court "need not dispose of the plaintiff's other claims at [that] time."

[6] As detailed by the board, the plaintiff could use the Internet for banking, accessing Waze "or any other similar GPS app," listening to music "with discretion (no music videos)," and attending online meetings allowed by his parole officer.

[7] The motion itself is dated July 10, 2023, but seems to have been docketed on September 1, 2023.

6

plaintiff stated that the SEX A conditions "are uniformly imposed upon all parolees who have a sex offense conviction."

The motion judge allowed the board's cross motion for judgment on the pleadings and denied the plaintiff's motion.[8] The judge ruled that, as to imposition of the SEX A conditions, "declaratory judgment is not the appropriate remedy as [the plaintiff's claim] challenges the validity of the board's individual adjudication in [the plaintiff's] case and not an unconstitutional practice or procedure 'consistently repeated' by the board."[9]  As to the argument that the board's imposition

---

[8] As to the certiorari claim, pursuant to G. L. c. 249, § 4, the judge dismissed the claim due to the new final revocation hearing, stating that the claim was moot.  On appeal, the plaintiff does not raise a separate argument as to that claim. While we "need not pass upon questions or issues not argued in the brief," Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019), we note that it seems that so much of the complaint as sought certiorari relief would be time barred, see G. L. c. 249, § 4 ("Such action shall be commenced within sixty days next after the proceeding complained of").  The judge did not state that the declaratory judgment claim was moot.  At the hearing on the cross motions for judgment on the pleadings, the plaintiff moved to dismiss his claim related to the Americans with Disabilities Act (count 3), which was allowed.

[9] The judge also stated that it was not clear that the plaintiff had exhausted administrative remedies with respect to the subject parole conditions.  See G. L. c. 231A, § 3 ("The failure to exhaust administrative relief prior to bringing an action under section one shall not bar the bringing of such action if the petition for declaratory relief is accompanied by an affidavit stating that the practice or procedure set forth pursuant to the provisions of section two is known to exist by the agency or official therein described and that reliance on administrative relief would be futile"); Doe v. Massachusetts Parole Bd., 82 Mass. App. Ct. 851, 862 (2012) (discussing

of the SEX A conditions extended beyond the plaintiff's case to all sex offenders, the judge concluded that the plaintiff's complaint did not raise such a challenge, as the plaintiff's allegations regarding the constitutionality of the Internet monitoring and use restrictions, and whether those restrictions were reasonably related to the goals of parole, pertained only to the plaintiff.  As to the merits of the arguments, the judge stated that "[e]ven if [the plaintiff] had pled such an

obligation to exhaust and declining to consider constitutional claim challenging parole condition where plaintiff did not request relief from applicable condition).  But see, e.g., Suburban Home Health Care, Inc. v. Executive Office of Health & Human Servs., Office of Medicaid, 488 Mass. 347, 352-353 (2021) (exception to general rule requiring exhaustion of administrative remedies of case presenting legal question of wide public significance).  On appeal, though the board acknowledges that the plaintiff requested to modify his parole conditions before his parole revocation in 2021, that the constitutional issues now asserted were raised at the 2021 parole revocation hearing, and that the plaintiff's petition to modify parole conditions was pending at the time of the board's 2023 cross motion for judgment on the pleadings, the board maintains that the plaintiff failed to exhaust administrative remedies as to his 2023 reparole conditions.  As we note below, at the time of the board's 2023 cross-motion for judgment on the pleadings, the plaintiff was subject to several of the same parole conditions he challenged in his 2021 complaint and had seemingly requested that the board amend.  See note 11, infra. Indeed, the plaintiff seems to have consistently raised the constitutional issues presented in his complaint with the board. Further, the board does not state an additional procedure the plaintiff should have followed to exhaust his administrative remedies.  In light of the fact that the plaintiff raised his challenges with the board and has raised a question of law regarding a general practice with significance beyond this case, see Suburban Home Health Care, Inc., supra, we reach the merits of his appeal.

allegation, the record before [the] court contains no evidence of a practice or procedure, consistently repeated, that violates the Constitution or Declaration of Rights."[10]  Judgment entered, affirming the board's imposition of parole conditions on the plaintiff.  The plaintiff appeals.

Discussion.  On appeal, the plaintiff argues that the judge erred in ruling against him because his claim for declaratory relief under G. L. c. 231A appropriately challenged the constitutionality of his contested parole conditions.  He also argues that the conditions violated his State and Federal constitutional rights.

We review de novo the judge's order allowing a motion for judgment on the pleadings.  Sullivan v. Superintendent, Massachusetts Correctional Inst., Shirley, 101 Mass. App. Ct. 766, 775 (2022).[11]

_____

[10] The judge also concluded that the imposition of the SEX A conditions did not create a significant risk of prolonging the plaintiff's incarceration, and thus the imposition did not constitute an ex post facto violation.  The plaintiff does not raise this issue on appeal.

[11] The board argues that we should affirm the judgment in its favor because, particularly without an amended or new complaint, any ruling regarding the constitutionality of the parole conditions would be moot since when the plaintiff's parole was revoked and he was reincarcerated in 2021, and when he was reparoled with conditions in 2023 following a new final parole revocation hearing, "he was no longer subject to the 2021 parole conditions, set in 2020 and modified in 2021," challenged in the November 2021 complaint.  We disagree.  We note that when the plaintiff was reparoled, he was again subject to the SEX A

To bring a request for declaratory judgment pursuant to G. L. c. 231A, regarding practices or procedures, "a plaintiff must plead a particular constitutional violation and <u>demonstrate</u> that such a violation extends beyond the plaintiff's individual case and is 'consistently repeated' by the administrative

conditions that restricted his Internet use and required monitoring of his Internet activity. Cf. <u>Doe</u> v. <u>Massachusetts Parole Bd.</u>, 82 Mass. App. Ct. 851, 853-854 & nn.4, 6 (2012) (where plaintiff was reclassified as level one sex offender and parole conditions were modified while appeal was pending, appeal was moot with respect to level two parole conditions that no longer applied, but not as to those that remained relevant on appeal). The board acknowledges that as to the plaintiff's 2023 reparole, the plaintiff

"is again subject to a variety of parole conditions which, like the former ones, restrict his [I]nternet use to specific purposes and require monitoring of his [I]nternet activity. Thus, the general questions raised by [the plaintiff] -- whether a parole condition that restricts [the plaintiff's] [I]nternet use violates the First Amendment and whether a parole condition that monitors [the plaintiff's] [I]nternet activity constitutes an unreasonable search and a violation of privacy rights may occur again. Indeed, they have."

In any event, the plaintiff's claim is not moot due to the stigma and collateral consequences of being found to violate parole and having parole revoked. See <u>Blake</u> v. <u>Massachusetts Parole Bd.</u>, 369 Mass. 701, 704 (1976) ("[Parole or probation] revocations could have future consequences serious enough to warrant judicial attention to challenges to their legality even though custody pursuant to the revocation had terminated. A parole revocation in itself implies a failure of the parolee to satisfy the obligations of conditional liberty"). Cf. <u>Commonwealth</u> v. <u>Bruno-O'Leary</u>, 94 Mass. App. Ct. 44, 44 n.1 (2018) (though defendant had served sentence, appeal not moot because "revocation of probation may have collateral consequences"). Accordingly, as the matter is not moot, we address the sufficiency of the pleadings.

10

agency" (emphasis added). Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 137 n.9. (2013).[12] See Frawley v. Police Comm'r of Cambridge, 473 Mass. 716, 725 (2016), quoting Nelson v. Commissioner of Correction, 390 Mass. 379, 388 n.12 (1983) (complaint for declaratory relief is appropriate way of testing propriety of practices involving violations of rights that are "consistent and repeated in nature"). See also Diatchenko v. District Attorney for the Suffolk Dist., 471 Mass. 12, 30-31 (2015).

Here, the plaintiff's complaint pleaded adequate facts to support a claim for declaratory relief. See Grady, 83 Mass. App. Ct. at 135-137. The declaratory judgment count of the complaint alleged that the parole conditions that restricted the plaintiff's use of his smart phone and the Internet, required the monitoring of such use, and applied the SEX A conditions to the plaintiff violated constitutional rights. The complaint further referred to exhibits attached to it, including an exhibit that detailed the plaintiff's parole conditions. See

_____

[12] As the plaintiff was not challenging an administrative regulation, but a practice or procedure, he was required to show that a constitutional violation "has been consistently repeated." G. L. c. 231A, § 2. Contrast Holden v. Division of Water Pollution Control, 6 Mass. App. Ct. 423, 428 (1978) (interpretation of statute under first sentence of G. L. c. 231A, § 2, rather than practice or procedure under second sentence of G. L. c. 231A, § 2, does not require plaintiff to show violation has been consistently repeated).

11

Robinhood Fin. LLC v. Secretary of Commonwealth, 492 Mass. 696, 707 (2023) (in reviewing motion for judgment on pleadings, court can rely on exhibits attached to complaint).  The parole conditions included a SEX A conditions form, with each listed condition initialed by the plaintiff.  The plaintiff's parole conditions also referenced Massachusetts Parole Board's special conditions policy, 120 PAR § 360, stating, "Any parolee with a prior conviction for a sex offense . . . shall . . . automatically be subject to the grouping of conditions known as the Sex Offender Conditions ('SEX[ ]A') . . ." (emphasis added).

From the group of conditions being labeled with its own name, the existence of form conditions, and the existence of a policy stating who was "automatically" subject to them, it is reasonable to infer that the SEX A conditions were imposed often enough to be a common, repeating practice.  Cf. Commonwealth v. Marques, 84 Mass. App. Ct. 203, 205-207 & n.9 (2013) (where only evidence of content of immigration warnings defendant received was plea judge's signed inadequate certification on outdated "green sheet," court accepted form as record of what occurred and that plea judge gave inadequate immigration warnings). Thus, the complaint made allegations that went beyond the plaintiff's individual case.

Indeed, the board does not claim that imposing the contested conditions was not in accord with prevailing practice.

12

Rather the board argues primarily that the plaintiff's complaint lacked sufficient facts to raise a request for declaratory relief. See Kenney v. Commissioner of Correction, 393 Mass. 28, 31 n.6 (1984) (assuming alleged violation was consistently repeated from defendants' assertion of authority to take such action against any inmate); Henderson v. Commissioners of Barnstable County, 49 Mass. App. Ct. 455, 458 & nn.10-11 (2000) (same).

We recognize that declaratory judgment provisions are "to be liberally construed and administered." G. L. c. 231A, § 9. We also recognize that inferences drawn from pleadings are to be "construed as to do substantial justice." Mass. R. Civ. P. 8 (f), 365 Mass. 749 (1974). See generally Lichoulas v. Lowell, 78 Mass. App. Ct. 271, 275 (2010) ("A complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though . . . the theory on which [the plaintiff] seems to rely may not be appropriate" [citation omitted]).

This complaint and its attached exhibits were sufficient to demonstrate "an ongoing, repeated violation of . . . constitutional rights." Grady, 83 Mass. App. Ct. at 136. See Haas v. Commissioner of Correction, 103 Mass. App. Ct. 1, 7 (2023) (plaintiff properly pursued declaratory relief where alleging unlawful standard operating procedure was "consistently

13

and repeatedly relied upon" to deny inmates' requests).  The allegations provided an appropriate basis for declaratory relief.  See Grady, supra at 135-136 & n.9.  We express no view on the likelihood of success of the plaintiff's claim and decline to reach the merits.[13]  Cf. Heck v. Commonwealth, 397 Mass. 336, 339 (1986) (noting preference to pass on constitutional issues where there is not fully developed trial record).  We hold only that the complaint was prematurely dismissed.

Conclusion.  The judgment affirming the imposition of the parole conditions on the plaintiff is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Vuono, Henry & Wood, JJ.[14]),

Clerk

Entered:  September 12, 2025.

---

[13] It is our understanding, as acknowledged by the board, that the plaintiff is not precluded from filing an amended complaint.

[14] The panelists are listed in order of seniority.

14